IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIJUAN PRESTON WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 26-1028-HLT-BGS |
| DOLLAR GENERAL, | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER ON *IN FORMA PAUPERIS* APPLICATION
AND MOTION TO APPOINT COUNSEL**

In conjunction with his Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees ("*In forma Pauperis* ('IFP') application") with a supporting financial affidavit (Docs. 3, 3-1, both sealed). For the reasons set forth herein, Plaintiff's IFP application (Doc. 4) is **GRANTED**. Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 4). That motion is **DENIED**.

**I.  Motion to Proceed IFP (Doc. 3).**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

The financial information provided by Plaintiff in his Motion and Affidavit of Financial Status establish that Plaintiff does not have the ability to pay the filing fee and his access to the

1

Court would be significantly inhibited absent a waiver of that fee. As such, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (Doc. 3).

## II. Motion for Appointment of Counsel (Doc. 4).

As an initial matter, the Court notes there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the Court notes that Plaintiff has been given leave to proceed *in forma pauperis* in this case. (*See supra.*) This weighs in favor of appointing counsel.

The second factor relates to Plaintiff's diligence in searching for counsel. Plaintiff must show that he has "made a reasonably diligent effort under the circumstances to obtain

an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). Here, Plaintiff's motion indicates that he has not contacted *any* attorneys to inquire as to representation, despite the fact that the motion clearly indicates he must confer with (not merely contact) at least five such attorneys. (Doc. 4, at 2.) This factor weighs against Plaintiff's request for appointment of counsel.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. Having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court does not find grounds to recommend dismissal of the case at this time. Accordingly, service of process upon the named Defendant is hereby authorized. This determination regarding initial screening does not constitute any finding on the merits of Plaintiff's claims, and Defendants retains all rights to challenge the sufficiency of the complaint through appropriate motions practice.[1] Thus, this factor weighs in favor of Plaintiff's request for counsel.

Regardless of the potential viability of Plaintiff's claims, the final *Castner* factor will be determinative – Plaintiff's capacity to prepare and present their case without the aid of counsel. 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422.

---

[1] The Court notes that there is some confusion as to whether Plaintiff has adequately exhausted his administrative remedies before bringing this lawsuit. Plaintiff's Complaint indicates he has filed two administrative charges of discrimination with the KHRC and/or EEOC. (Doc. 1, at 2.) On the same page of his form Complaint, however, Plaintiff checked the box to indicate he has not received a right-to-sue letter from the charging agencies. (*Id.*) That stated, Plaintiff has attached to the Complaint two right-to-sue letters from the EEOC regarding Charge Nos. 28D-2025-00826 and 28D-2026-00263. (Doc. 1-4, at 1, 4.) The Court surmises that these right-to-sue letters correspond to the two charges of discrimination Plaintiff states he has filed. In the "Statement of Claim" attached as an exhibit to Plaintiff's Complaint, he makes no reference to an EEOC charge of discrimination, but instead states that he "filed administrative charges with the Kansas Human Rights Commission under KHRC Case Nos. 46782-26 and 47197-26," which appear to be the charges that Plaintiff contends lead to the retaliation he allegedly suffered. (Doc. 1-1, at 1.)

The requirement of filing an administrative charge generally prohibits a plaintiff from bringing "a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Mitchem v. Sleepcair, Inc.*, No. 20-2617-DDC-GEB, 2021 WL 4439406, at *8 (D. Kan. Sept. 28, 2021) (internal quotation marks omitted). In the event Plaintiff has not received right-to-sue letters relating to the underlying administrative charges of discrimination, a determination may be made that he has not entirely exhausted his administrative remedies. While failing to exhaust administrative remedies could be raised by Defendant as an affirmative defense, this is not a jurisdictional bar to Plaintiff's ability to bring his lawsuit. *Id.*

The Court understands that Plaintiff believes in his Title VII discrimination and retaliation claims and believes he deserves an attorney to represent him. These, however, do not constitute valid bases for the Court to appoint an attorney for him. While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day. In other words, although Plaintiff is not trained as an attorney, this alone also does not warrant appointment of counsel. As such, Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

### III.  Conclusion.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3, sealed) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees.

IT IS FURTHER ORDERED that in order to effectuate service on Defendant, on or before **February 27, 2026**, Plaintiff shall submit an address at which the U.S. Marshal may serve the named Defendant.

IT IS FURTHER ORDERED that thereafter, the U.S. Marshal or Deputy Marshal, who are appointed for such purpose pursuant to Fed. R. Civ. P. 4(c)(3), is ordered to effectuate service pursuant to Federal Rule of Civil Procedure 4(c)(3). The clerk's office is directed to provide the U.S. Marshal with copies of this order, the Complaint (Doc. 1), and summons.

IT IS FURTHER ORDERED that Plaintiff's request for appointment of counsel (Doc. 4) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 10th day of February, 2026.

5

/s/ B<small>ROOKS</small> G. S<small>EVERSON</small>
Brooks G. Severson
United States Magistrate Judge